# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**DOCKETED**

DEC 0 4 2001

In the Matter of: Allen J. Pierce and Mary Pierce, Individually and Allen J. Pierce, as administrator of the Estate of Allen M. Pierce

v. Gregory Maine, Individually and as agent of System Transport, Inc., a Washington Corporation; and System Transport, Inc., a Washington Corporation, and Genie Industries, Inc., a Washington Corporation

Case Number: **01C 9205**

**JUDGE LEINENWEBER**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

**System Transport, Inc.**

**MAGISTRATE JUDGE KEYS**

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME William D. Brejcha | NAME Victor P. Shane |
| FIRM Scopelitis, Garvin, Light & Hanson | FIRM Scopelitis, Garvin, Light & Hanson |
| STREET ADDRESS 120 South LaSalle Street - #1700 | STREET ADDRESS 120 South LaSalle Street - #1700 |
| CITY/STATE/ZIP Chicago, IL 60603 | CITY/STATE/ZIP Chicago, IL 60603 |
| TELEPHONE NUMBER 312-422-1200 | TELEPHONE NUMBER 312-422-1200 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 0288543 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6188663 |
| MEMBER OF TRIAL BAR? YES ☒ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☒ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☒ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME Stephen A. Oakley | NAME Michael B. Langford |
| FIRM Scopelitis, Gavin, Light & Hanson | FIRM Scopelitis, Gavin, Light & Hanson |
| STREET ADDRESS 120 South LaSalle Street - #1700 | STREET ADDRESS 10 West Market Street - #1500 |
| CITY/STATE/ZIP Chicago, IL 60603 | CITY/STATE/ZIP Indianapolis, IN 46204-2968 |
| TELEPHONE NUMBER 312-422-1200 | TELEPHONE NUMBER 317-637-1777 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)0 6239582 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 18046-53 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☐ NO ☒ | TRIAL ATTORNEY? YES ☒ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET MAGISTRATE JUDGE KEYS

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

DOCKETED    JUDGE LEINENWEBER

DEC 0 2001

## I. (a) PLAINTIFFS
ALLEN J. PIERCE, MARY PIERCE, and ALLEN J. PIERCE as administrator of the ESTATE OF ALLEN M. PIERCE

## DEFENDANTS
GREGORY MAINE; SYSTEM TRANSPORT, INC.; and GENIE INDUSTRIES, INC.

# 01C 9205

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Cook County, IL
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Idaho,
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Stephen M. Libman, c/o Burnes & Libman
2 North LaSalle Street
Chicago, IL 60602
312/726-6500

ATTORNEYS (IF KNOWN)
Brian Bell (for Genie)          William D. Brejcha (for System)
Swanson, Martin & Bell          Scopelitis, Garvin, et al.
One IBM Plaza - #2900           120 S. LaSalle St. - #1700
Chicago, IL                     Chicago, IL 60603
312/321-8424                    312/422-1100

## II. BASIS OF JURISDICTION    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                                    AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 (Maine) | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 (System & Genie) |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product (wrongful death)
☒ 350 Motor Vehicle
☒ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury — Med. Malpractice
☐ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
**HABEAS CORPUS:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS — Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## VI. CAUSE OF ACTION    (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 U.S.C. Sec. 1332 - Diversity Jurisdiction over claim for alleged wrongful death and other claims.

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $** In excess of
Thirty Thousand Dollars ($30,000) arising out of highway accident against each of the three defendants or at least $90,000

CHECK YES only if demanded in complaint
**JURY DEMAND:**  ☐ YES  ☒ NO

**VIII.** This case    ☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____ previously dismissed by Judge _____

DATE    11-29-01

SIGNATURE OF ATTORNEY OF RECORD    William D. Brejcha

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**DOCKETED**

DEC 0 4 2001

FILED-EDS
01 NOV 30 PM 3: 02
CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| ALLEN J. PIERCE and MARY PIERCE,<br>Individually and ALLEN J. PIERCE,<br>as administrator of the Estate of<br>ALLEN M. PIERCE,<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY MAINE, Individually and as<br>agent of SYSTEM TRANSPORT, INC.,<br>a Washington Corporation; and<br>SYSTEM TRANSPORT, INC., a Washington<br>Corporation, and GENIE INDUSTRIES, INC.,<br>a Washington Corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**01C 9205**

CASE NO.

JUDGE LEINENWEBER

MAGISTRATE JUDGE KEYS

**NOTICE OF REMOVAL**

TO:   Stephen M. Libman
      Burnes & Libman
      2 North LaSalle Street,
      Suite 600
      Chicago, IL 60602

Brian W. Bell
Swanson, Martin & Bell
One IBM Plaza, Suite 2900
330 North Wabash
Chicago, IL 60611

Defendant, System Transport, Inc., by counsel and pursuant to 28 U.S.C. §1441 and 28 U.S.C. § 1446, et seq., hereby respectfully files this Notice of Removal of this action from the Circuit Court of Cook County, Illinois, County Department, Law Division, and, in support thereof, states as follows:

1.     On November 2, 2001, Plaintiffs filed their Complaint at Law (the "Complaint") in the Circuit Court of Cook County, Illinois, County Department, Law Division.  A copy of the Complaint is attached as Exhibit A.

2.    This action arises out of an accident that occurred on September 1, 2001 on I-65 in Hobart, Indiana.

3.    According to the Complaint, Plaintiff, Allen J. Pierce, had been hospitalized, incurred numerous hospital and medical bills and related expenses, has lost earnings, and has been disabled and disfigured as the result of the amputation of his left leg due to injuries sustained in the accident. See Complaint, Count I, ¶8.

4.    Also according to the Complaint, the Plaintiff, Mary Pierce, has suffered, among other things, negligent infliction of emotional distress in that she alleges she was in close proximity to her husband, Allen Pierce, when he was injured in the accident, and that she observed her son, Allen M. Pierce, burning to death in the family's vehicle as a result of this accident. See Complaint, Count XX, ¶3.

5.    Furthermore and according to the Complaint, Allen M. Pierce, the son of Plaintiffs, Allen J. Pierce and Mary Pierce, died in the subject accident. See, e.g., Complaint, Count XI, ¶9. Mr. and Mrs. Pierce are seeking damages due to the alleged wrongful death of their son, individually and on behalf of their son's estate.

6.    The Complaint alleges a total of twenty-four counts, with eight separate Counts alleged against each of the three Defendants.  In the Prayer for relief in each Count, Plaintiffs request a judgment against the respective Defendant "in a sum in excess of Thirty Thousand Dollars ($30,000.00), together with costs in bringing this action."  Plaintiff has also submitted an affidavit (attached as Exhibit B) pursuant to Illinois Supreme Court Rule 222(g) that the total amount of money damages being sought herein per plaintiff exceeds $50,000. As such and on the face of their Complaint, Plaintiffs are demanding a damage amount in excess of $450,000 in this lawsuit (a judgment in excess of $50,000 for each plaintiff against each of the three defendants).

2

7.    Both Plaintiffs are citizens of the State of Illinois.

8.    Defendant, Gregory Maine, is a citizen of the State of Idaho.

9.    Defendant, System Transport, Inc., is a Washington corporation with its principal place of business located in the State of Washington. Therefore, pursuant to 28 U.S.C. § 1332(c)(1), System Transport, Inc. is deemed to be a citizen of the State of Washington.

10.    Defendant, Genie Industries, Inc., is a Washington corporation with its principal place of business located in the State of Washington. Therefore, pursuant to 28 U.S.C. § 1332(c)(1), Genie Industries, Inc. is deemed to be a citizen of the State of Washington.

11.    Plaintiffs filed their Complaint in this action on November 2, 2001, and service of the Summons and Complaint occurred on Defendant, System Transport, Inc., on November 6, 2001.

12.    This Notice of Removal is filed within 30 days of service on Defendant, System Transport, Inc., of Plaintiffs' Complaint and Summons, from which it was first ascertained the case is one in which is removable, and is also filed within one year of commencement of the state court action.

13.    Defendant, Genie Industries, Inc., consents to this Notice of Removal. Defendant, Gregory Maine, consents to the removal for the limited purpose of contesting the jurisdiction of the State of Illinois. Gregory Maine does not consent to the personal jurisdiction of any Illinois court, state or federal, over his person as the State of Illinois does not have any personal jurisdiction over Mr. Maine. Regardless, Defendant, System Transport, Inc., understands that Plaintiffs intend to voluntarily dismiss Gregory Maine as a party Defendant in this action.

14.    Accordingly, pursuant to 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction of this action because Plaintiffs' claims exceed an amount in controversy in excess of the sum of

$75,000.00 exclusive of interest and costs, and the parties are citizens of different states. Therefore, removal is appropriate under 28 U.S.C. § 1441(b).

15.     System Transport, Inc. will provide notice of this removal to all counsel of record in the state court action and to the Clerk of the Circuit Court of Cook County, IL.

**WHEREFORE,** Defendant, System Transport, Inc., by counsel, hereby respectfully provides notice that this action is removable to this Court from the Circuit Court of Cook County, Illinois, County Department, Law Division, pursuant to 28 U.S.C. § 1441, seeks its removal to this court and pray for all other necessary and proper relief in the premises.

Respectfully submitted,

**SYSTEM TRANSPORT, INC.**

William D. Brejcha
One of Its Attorneys

**OF COUNSEL:**

William D. Brejcha
Scopelitis, Garvin, Light & Hanson
120 South LaSalle Street - Suite 1700
Chicago, IL 60603
312-422-1200

Michael B. Langford
Scopelitis, Garvin, Light & Hanson
10 West Market Street - Suite 1500
Indianapolis, IN 46204-2968
317-637-1777

H:\Users\MTansing\System Transport - 9420\Pleadings\11-29-01 Notice of Removal.wpd

Nov-08-01  04:45pm  From-SCOPELITIS GARVIN LIGHT HANSON          3178876623          T-404  P.05/55

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

ALLEN J. PIERCE and MARY PIERCE,　　　　　)
Individually and ALLEN J. PIERCE, as　　　　　)
administrator of the Estate of ALLEN M. PIERCE,　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiffs,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
GREGORY MAINE, individually and as agent of　)
SYSTEM TRANSPORT, INC , a Washington　　　)
Corporation; and SYSTEM TRANSPORT, INC.,　　)
a Washington Corporation, and GENIE　　　　　)
INDUSTRIES, INC., a Washington Corporation,　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendants　　　　　　　　　　　)

01L 014913
CALENDAR D
P.I. MOTOR VEH.

## COMPLAINT AT LAW

## COUNT I - NEGLIGENCE/VICARIOUS LIABILITY

ALLEN J. PIERCE v. GREGORY MAINE and SYSTEM TRANSPORT, INC.

NOW COMES the Plaintiff, ALLEN J. PIERCE, by and through his attorney

BURNES & LIBMAN and complaining of the Defendants, GREGORY MAINE,

individually and as agent of SYSTEM TRANSPORT, INC. (hereinafter referred to as

"MAINE"), and SYSTEM TRANSPORT, INC. (hereinafter referred to as "SYSTEM"),

alleges and states as follows:

　　　　1.　　　That on or about September 1, 2001, Defendant SYSTEM was doing

regular and systematic business in the County of Cook, State of Illinois.

　　　　2.　　　That on or about September 1, 2001, Defendant MAINE was an employee

of Defendant SYSTEM, a Washington Corporation.

3.    That on or about September 1, 2001, Defendant SYSTEM owned and maintained a certain tractor and flatbed trailer which was then and there in possession and control of their agent, servant, and/or employee, Defendant MAINE, who was operating said tractor and flatbed trailer as agent, servant and/or employee of Defendant SYSTEM, traveling southbound on I-65 at or near the 265 mile post in Hobart, Indiana.

4.    That on or about September 1, 2001, Plaintiff ALLEN J. PIERCE's vehicle was parked facing southbound on the shoulder of I-65 at or near the 265 mile post in Hobart, Indiana while Plaintiff was in the process of changing a tire.

5.    That on said date and at said location, Defendants MAINE and SYSTEM, and each of them, owed the Plaintiff the duty to maintain and/or operate said tractor trailer with ordinary and reasonable care so as not to injure Plaintiff ALLEN J. PIERCE.

6.    That on said date and at said location, Defendants MAINE individually, and SYSTEM vicariously, breached said duty by committing one or more of the following negligent acts and/or omissions:

a.    Drove a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions in violation of the Indiana Code §9-21-5-1.

b.    Made an improper lane change in violation of the Indiana Code §9-21-8-24(3).

c.    Drove a vehicle on a highway that was not in safe mechanical condition in violation of Indiana Code §9-21-7-1.

d.    Failed to adequately distribute and secure cargo, specifically Genie Lift Z-60's, in violation of 49 CFR 392.9(a)(1).

2

e.    Failed to adequately protect against shifting or falling of cargo, specifically Genie Lift Z-60's, in violation of 49 CFR 393.100.

f.    Failed to use adequate securement systems in violation of 49 CFR 393.102.

g.    Drove at excessive rate of speed while carrying over 44,000 pounds of machinery, knowing the propensity of the load to shift or fall off upon sudden movement.

h.    Failed to keep vehicle under proper control.

i.    Failed to keep a proper lookout.

7.    That on September 1, 2001, a collision occurred between the two Genie Lift Z-60's on the flatbed trailer owned and maintained by Defendant SYSTEM and operated by their agent, servant and/or employee Defendant MAINE and the person and vehicle of the Plaintiff ALLEN J. PIERCE.

8.    That as a direct and proximate result of one or more of the aforesaid acts of negligence or omissions on the part of Defendants SYSTEM and MAINE, and each of them, the Plaintiff ALLEN J. PIERCE was injured, suffered emotional distress, incurred numerous hospital and medical bills and related expenses; has lost earnings; has suffered and will suffer in the future for physical pain and mental suffering; has been and will be disabled and disfigured as a result of the amputation of his left leg.

WHEREFORE, Plaintiff ALLEN J. PIERCE prays for judgment against Defendants GREGORY MAINE, individually and as agent of SYSTEM TRANSPORT,

3

INC., and SYSTEM TRANSPORT, INC. in a sum in excess of THIRTY THOUSAND DOLLARS ($30,000.00), together with his costs in bringing this action.

## COUNT II - NEGLIGENCE/VICARIOUS LIABILITY

### MARY PIERCE v. GREGORY MAINE and SYSTEM TRANSPORT, INC.

NOW COMES the Plaintiff, MARY PIERCE, by and through her attorneys, BURNES & LIBMAN and complaining of the Defendants, GREGORY MAINE, individually and as agent of SYSTEM TRANSPORT, INC. (hereinafter referred to as "MAINE"), and SYSTEM TRANSPORT, INC. (hereinafter referred to as "SYSTEM"), alleges and states as follows:

1.      The Plaintiff repeats, realleges and incorporates by reference the factual averments asserted in paragraphs 1 through 7 of Count I, as if fully set forth herein. In further support thereof, the Plaintiff additionally states.

8.      That on or about September 1, 2001, Plaintiff MARY PIERCE was standing on the southbound shoulder of I-65 at or near the 265 mile post in Hobart, Indiana assisting in the process of changing a tire when the collision occurred.

9.      That as a direct and proximate result of one or more of the aforesaid acts of negligence or omissions on the part of Defendants SYSTEM and MAINE, and each of them, the Plaintiff MARY PIERCE was injured, suffered emotional distress, incurred numerous hospital and medical bills and related expenses; has lost earnings; has suffered

4

and will suffer in the future for physical pain and mental suffering; has been and will be disabled and disfigured.

WHEREFORE, Plaintiff MARY PIERCE prays for judgment against Defendants GREGORY MAINE, individually and as agent of SYSTEM TRANSPORT, INC., and SYSTEM TRANSPORT, INC. in a sum in excess of THIRTY THOUSAND DOLLARS ($30,000.00), together with her costs in bringing this action.

## COUNT III - WRONGFUL DEATH/VICARIOUS LIABILITY

### ADMINISTRATOR, ALLEN J. PIERCE v. GREGORY MAINE and SYSTEM TRANSPORT, INC.

NOW COMES the Plaintiff, ALLEN J. PIERCE, Individually and as Administrator of the Estate of ALLEN M. PIERCE, a minor, deceased, by and through his attorneys, BURNES & LIBMAN and complaining of the Defendants, GREGORY MAINE, individually and as agent of SYSTEM TRANSPORT, INC. (hereinafter referred to as "MAINE"), and SYSTEM TRANSPORT, INC. (hereinafter referred to as "SYSTEM"), alleges and states as follows:

1.      The Plaintiff repeats, realleges and incorporates by reference the factual averments asserted in paragraphs 1 through 7 of Count I, as fully set forth herein. In further support thereof, the Plaintiff additionally states:

8.      That on or about September 1, 2001, decedent, ALLEN M. PIERCE was seated in a vehicle that was parked facing southbound on the shoulder of I-65 at or near

5

the 265 mile post in Hobart, Indiana when the collision occurred.

9. That on or about September 1, 2001, as a direct and proximate result of one or more of the aforesaid acts of negligence or omissions on the part of Defendants SYSTEM and MAINE, and each of them, ALLEN M. PIERCE, a minor died.

10. That on September 28, 2001, ALLEN J. PIERCE was appointed Administrator of the Estate of ALLEN M. PIERCE, in the Circuit Court of Cook County; Probate Division.

11. That decedent, ALLEN M. PIERCE, left surviving him ALLEN J. PIERCE, his father, and MARY PIERCE, his mother.

12. That ALLEN J. PIERCE and MARY PIERCE have been deprived of the services, society, companionship, love and affection of decedent, ALLEN M. PIERCE.

13. That ALLEN J. PIERCE has incurred the funeral bills and other related burial expenses.

WHEREFORE, Plaintiff ALLEN J. PIERCE, Individually and as Administrator of the Estate of ALLEN M. PIERCE, a minor, deceased, prays for judgment against Defendants GREGORY MAINE, individually and as agent of SYSTEM TRANSPORT, INC., and SYSTEM TRANSPORT, INC. in a sum in excess of THIRTY THOUSAND DOLLARS ($30,000.00), together with his costs in bringing this action.

6

## COUNT IV - INDEPENDENT NEGLIGENCE

## ALLEN J. PIERCE v. SYSTEM TRANSPORT, INC.

NOW COMES the Plaintiff, ALLEN J. PIERCE, by and through his attorneys, BURNES & LIBMAN and complaining of the Defendant, SYSTEM TRANSPORT, INC. (hereinafter referred to as "SYSTEM"), alleges and states as follows:

1.      That on or about September 1, 2001, Defendant SYSTEM was doing regular and systematic business in the County of Cook, State of Illinois.

2.      That on or about September 1, 2001, Defendant MAINE was an employee of Defendant SYSTEM, a Washington Corporation.

3.      That on or about September 1, 2001, Defendant SYSTEM owned and maintained a certain tractor and flatbed trailer which was then and there in possession and control of their agent, servant, and/or employee, Defendant MAINE, who was operating said tractor and flatbed trailer as agent, servant and/or employee of Defendant SYSTEM southbound on I-65 at or near the 265 mile post in Hobart, Indiana.

4.      That on or about September 1, 2001, Plaintiff ALLEN J. PIERCE's vehicle was parked facing southbound on the shoulder of I-65 at or near the 265 mile post in Hobart, Indiana while Plaintiff was in the process of changing a tire.

5.      That on said date and at said location, Defendant SYSTEM owed the Plaintiff the duty to maintain and/or operate said tractor and flatbed trailer with ordinary and reasonable care so as not to injure Plaintiff ALLEN J. PIERCE.

7

6.    That on or about said date, Defendant SYSTEM breached said duty by committing one or more of the following negligent acts and/or omissions:

    a.  Failing to properly instruct and train its employees on proper securing techniques for the Genie Lift machines it was transporting.

    b.  Failed to provide proper and adequate equipment to secure load.

    c.  Failed to adequately distribute and secure cargo, specifically the Genie Lift Z-60's, in violation of 49 CFR 392.9(a)(1).

    d.  Failed to adequately protect against shifting or falling of cargo, specifically the Genie Lift Z-60's, in violation of 49 CFR 393.100.

    d.  Failed to use adequate securement systems in violation of 49 CFR 393.102.

7.    That on September 1, 2001, a collision occurred between the two Genie Lift Z-60's being transported by the tractor and flatbed trailer owned and maintained by Defendant SYSTEM and operated by their agent, servant and/or employee Defendant MAINE and the person and vehicle of the Plaintiff ALLEN J. PIERCE.

8.    That as a direct and proximate result of one or more of the aforesaid acts of negligence or omissions on the part of Defendant SYSTEM, the Plaintiff ALLEN J. PIERCE was injured, suffered emotional distress, incurred numerous hospital and medical bills and related expenses; has lost earnings; has suffered and will suffer in the future for physical pain and mental suffering; has been and will be disabled and disfigured as a result of the amputation of his left leg.

WHEREFORE, Plaintiff ALLEN J. PIERCE prays for judgment against Defendant

8

SYSTEM TRANSPORT, INC. in a sum in excess of THIRTY THOUSAND DOLLARS ($30,000.00), together with his costs in bringing this action.

## COUNT V - INDEPENDENT NEGLIGENCE

### MARY PIERCE v. SYSTEM TRANSPORT, INC.

NOW COMES the Plaintiff, MARY PIERCE, by and through her attorneys, BURNES & LIBMAN and complaining of the Defendant SYSTEM TRANSPORT, INC. (hereinafter referred to as "SYSTEM"), alleges and states as follows:

1.      The Plaintiff repeats, realleges and incorporates by reference the factual averments asserted in paragraphs 1 through 7 of Count IV, as if fully set forth herein. In further support thereof, the Plaintiff additionally states:

8.      That on or about September 1, 2001, Plaintiff MARY PIERCE was standing on the southbound shoulder of I-65 at or near the 265 mile post in Hobart, Indiana assisting in the process of changing a tire when the collision occurred.

9.      That as a direct and proximate result of one or more of the aforesaid acts of negligence or omissions on the part of Defendant SYSTEM, the Plaintiff MARY PIERCE was injured, suffered emotional distress, incurred numerous hospital and medical bills and related expenses; has lost earnings; has suffered and will suffer in the future for physical pain and mental suffering; has been and will be disabled and disfigured.

9

WHEREFORE, Plaintiff MARY PIERCE prays for judgment against Defendant SYSTEM TRANSPORT, INC. in a sum in excess of THIRTY THOUSAND DOLLARS ($30,000.00), together with her costs in bringing this action.

## COUNT VI - INDEPENDENT NEGLIGENCE/WRONGFUL DEATH
## ADMINISTRATOR ALLEN J. PIERCE v. SYSTEM TRANSPORT, INC.

NOW COMES the Plaintiff, ALLEN J. PIERCE, Individually and as Administrator of the Estate of ALLEN M. PIERCE, a minor, deceased, by and through his attorneys, BURNES & LIBMAN and complaining of the Defendant SYSTEM TRANSPORT, INC. (hereinafter referred to as "SYSTEM"), alleges and states as follows:

1. The Plaintiff repeats, realleges and incorporates by reference the factual averments asserted in paragraphs 1 through 7 of Count IV, as fully set forth herein. In further support thereof, the Plaintiff additionally states:

8. That on or about September 1, 2001, decedent, ALLEN M. PIERCE was seated in a vehicle that was parked facing southbound on the shoulder of I-65 at or near the 265 mile post in Hobart, Indiana when the collision occurred.

9. That on or about September 1, 2001, as a direct and proximate result of one or more of the aforesaid acts of negligence or omissions on the part of Defendant SYSTEM, ALLEN M. PIERCE, a minor, died.

10

10.    That on September 28, 2001, ALLEN J. PIERCE was appointed Administrator of the Estate of ALLEN M. PIERCE, in the Circuit Court of Cook County, Probate Division.

11.    That decedent, ALLEN M. PIERCE, left surviving him ALLEN J. PIERCE, his father, and MARY PIERCE, his mother.

12.    That ALLEN J. PIERCE and MARY PIERCE have been deprived of the services, society, companionship, love and affection of decedent, ALLEN M. PIERCE.

13.    That ALLEN J. PIERCE has incurred the funeral bills and other related burial expenses.

WHEREFORE, Plaintiff ALLEN J. PIERCE, Individually and as Administrator of the Estate of ALLEN M. PIERCE, a minor, deceased, prays for judgment against Defendant SYSTEM TRANSPORT, INC. in a sum in excess of THIRTY THOUSAND DOLLARS ($30,000.00), together with his costs in bringing this action.

## COUNT VII - NEGLIGENCE

### ALLEN J. PIERCE v. GENIE INDUSTRIES, INC.

NOW COMES the Plaintiff, ALLEN J. PIERCE, by and through his attorneys, BURNES & LIBMAN and complaining of the Defendant, GENIE INDUSTRIES, INC. (hereinafter referred to as "GENIE"), alleges and states as follows:

1.    That on or about September 1, 2001, Defendant GENIE was duly

11

registered to do business in the County of Cook, State of Illinois and was doing regular and systematic business in the County of Cook, State of Illinois

2.    That on or about September 1, 2001, Defendant GENIE was in the business of designing, manufacturing, distributing and selling Genie Lift Z-60's.

3.    That on or about September 1, 2001, Defendant GENIE contracted with Defendant SYSTEM TRANSPORT, INC. for the transporting of two Genie Lift Z-60's.

4.    That on or before September 1, 2001, two Genie Lift Z-60's manufactured by Defendant GENIE were loaded onto a tractor and flatbed trailer owned and maintained by Defendant SYSTEM TRANSPORT, INC.

5.    That on or about September 1, 2001, Defendant MAINE, was operating said tractor and flatbed trailer as agent, servant and/or employee of Defendant SYSTEM, southbound on I-65 at or near the 265 mile post in Hobart, Indiana.

6.    That on or about September 1, 2001, Plaintiff ALLEN J. PIERCE's vehicle was parked facing southbound on the shoulder of I-65 at or near the 265 mile post in Hobart, Indiana while Plaintiff was in the process of changing a tire.

7.    That on said date and at said location, Defendant GENIE owed the Plaintiff the duty to design, manufacture and transport the Genie Lift Z-60's with ordinary and reasonable care so as not to injure Plaintiff ALLEN J. PIERCE.

8.    That on or about said date, Defendant GENIE breached said duty by committing one or more of the following negligent acts and/or omissions:

12

a.     Negligently designed and manufactured the Genie Lift Z-60's by failing to provide sufficient designated hard tie down points to secure the machines to the trailer for safe transport.

b.     Negligently designed and manufactured an insufficient locking mechanism to lock the boom and basket to the chassis for transportation.

c.     Negligently chose a dangerous method of transportation of the Genie Lifts given the height, weight and unconventional size and shape of the machines.

d.     Failure to properly secure the Genie Lifts to the flatbed trailer to ensure safe transport.

e.     Failure to properly instruct or inform Defendants MAINE and SYSTEM of the safe and proper methods in which to secure the Genie Lift Z-60's during transportation so as to avoid their shifting or coming unsecured during transport.

f.     Failure to provide Defendants MAINE and SYSTEM with a proper securing mechanism for the safe transport of the Genie Lifts.

g.     Failure to warn Defendants MAINE and SYSTEM of the dangerous propensity of the boom and basket to disconnect from the chassis of the Genie Lifts.

9.     That on September 1, 2001, a collision occurred between the two Genie Lift Z-60's on the flatbed trailer owned and maintained by Defendant SYSTEM and operated by their agent, servant and/or employee Defendant MAINE and the person and vehicle of the Plaintiff ALLEN J. PIERCE.

10.     That as a direct and proximate result of one or more of the aforesaid acts of negligence or omissions on the part of Defendant GENIE, the Plaintiff ALLEN J.

13

PIERCE was injured, suffered emotional distress, incurred numerous hospital and medical bills and related expenses; has lost earnings; has suffered and will suffer in the future for physical pain and mental suffering; has been and will be disabled and disfigured as a result of the amputation of his left leg.

WHEREFORE, Plaintiff ALLEN J. PIERCE prays for judgment against Defendant GENIE INDUSTRIES, INC. in a sum in excess of THIRTY THOUSAND DOLLARS ($30,000.00), together with his costs in bringing this action.

## COUNT VIII - NEGLIGENCE

### MARY PIERCE v. GENIE INDUSTRIES, INC.

NOW COMES the Plaintiff, MARY PIERCE, by and through her attorneys, BURNES & LIBMAN and complaining of the Defendant, GENIE INDUSTRIES, INC. (hereinafter referred to as "GENIE"), alleges and states as follows:

I.    The Plaintiff repeats, realleges and incorporates by reference the factual averments asserted in paragraphs 1 through 9 of Count VII, as if fully set forth herein. In further support thereof, the Plaintiff additionally states:

10.    That on or about September 1, 2001, Plaintiff MARY PIERCE was standing on the southbound shoulder of I-65 at or near the 265 mile post in Hobart, Indiana assisting in the process of changing a tire when the collision occurred.

11.    That as a direct and proximate result of one or more of the aforesaid acts

14

of negligence or omissions on the part of Defendant GENIE, the Plaintiff MARY PIERCE was injured, suffered emotional distress, incurred numerous hospital and medical bills and related expenses; has lost earnings; has suffered and will suffer in the future for physical pain and mental suffering; has been and will be disabled and disfigured.

WHEREFORE, Plaintiff MARY PIERCE prays for judgment against Defendant GENIE INDUSTRIES, INC. in a sum in excess of THIRTY THOUSAND DOLLARS ($30,000.00), together with her costs in bringing this action.

## COUNT IX - NEGLIGENCE/WRONGFUL DEATH

## ADMINISTRATOR ALLEN J. PIERCE v. GENIE INDUSTRIES, INC.

NOW COMES the Plaintiff, ALLEN J. PIERCE, Individually and as Administrator of the Estate of ALLEN M. PIERCE, a minor, deceased, by and through his attorneys, BURNES & LIBMAN and complaining of the Defendant GENIE INDUSTRIES, INC. (hereinafter referred to as "GENIE"), alleges and states as follows:

1.      The Plaintiff repeats, realleges and incorporates by reference the factual averments asserted in paragraphs 1 through 9 of Count VII, as fully set forth herein.  In further support thereof, the Plaintiff additionally states:

10.     That on or about September 1, 2001, decedent, ALLEN M. PIERCE was seated in a vehicle that was parked facing southbound on the shoulder of I-65 at or near

15

the 265 mile post in Hobart, Indiana when the collision occurred.

11.     That on or about September 1, 2001, as a direct and proximate result of one or more of the aforesaid acts of negligence or omissions on the part of Defendant GENIE, ALLEN M. PIERCE, a minor, died.

12.     That on September 28, 2001, ALLEN J. PIERCE was appointed Administrator of the Estate of ALLEN M. PIERCE, in the Circuit Court of Cook County, Probate Division.

13.     That decedent, ALLEN M. PIERCE, left surviving him ALLEN J. PIERCE, his father, and MARY PIERCE, his mother.

14.     That ALLEN J. PIERCE and MARY PIERCE have been deprived of the services, society, companionship, love and affection of decedent, ALLEN M. PIERCE.

15.     That ALLEN J. PIERCE has incurred the funeral bills and other related burial expenses.

WHEREFORE, Plaintiff ALLEN J. PIERCE, Individually and as Administrator of the Estate of ALLEN M. PIERCE, a minor, deceased, prays for judgment against Defendant GENIE INDUSTRIES, INC. in a sum in excess of THIRTY THOUSAND DOLLARS ($30,000.00), together with his costs in bringing this action.

## COUNT X - STRICT LIABILITY

ALLEN J. PIERCE v. GENIE INDUSTRIES, INC.

16

NOW COMES the Plaintiff, ALLEN J. PIERCE, by and through his attorneys,

BURNES & LIBMAN and complaining of the Defendant, GENIE INDUSTRIES, INC.

(hereinafter referred to as "GENIE"), alleges and states as follows:

1.     That on or about September 1, 2001, Defendant GENIE was duly

registered to do business in the County of Cook, State of Illinois and was doing regular

and systematic business in the County of Cook, State of Illinois.

2.     That on or about September 1, 2001, Defendant GENIE was in the

business of designing, manufacturing, distributing and selling Genie Lift Z-60's.

3.     That on or about September 1, 2001, Defendant SYSTEM TRANSPORT,

INC. was transporting newly manufactured Genie Lift Z-60's on a flatbed trailer

traveling southbound on I-65 at or near the 265 mile post in Hobart, Indiana.

4.     That on or about September 1, 2001, Plaintiff ALLEN J. PIERCE's vehicle

was parked facing southbound on the shoulder of I-65 at or near the 265 mile post in

Hobart, Indiana while Plaintiff was in the process of changing a tire.

5.     That on said date and at said location, Defendant GENIE had a duty to

design, manufacture, distribute and sell the Genie Lift Z-60's so that they were neither

defective, nor unreasonably dangerous when transported or put to use.

6.     At the time the Genie Lifts left the possession of Defendant GENIE, and

at the time the Genie Lifts entered the stream of commerce, the Genie Lift Z-60's were

in an unreasonably dangerous and defective condition. These defects included but were

17

Nov-08-01  04:49pm  From-SCOPELITIS GARVIN LIGHT HANSON          3176876623          T-404  P.22/99  F-445

not limited to the following:

a.    Inadequate design and manufacture of the locking mechanism which is necessary to secure the boom and basket to the chassis for safe transport.

b.    Failure to design and manufacture the Genie Lift Z-60's with sufficient hard tie down points necessary to properly secure the Genie Lift to the trailer for safe transport.

c.    Failure to warn of the dangers and hazards of using and transporting the Genie Lift Z-60's.

d.    Failure to provide instructions for the safe and proper methods in which to secure the Genie Lift Z-60's to avoid their shifting or coming unsecured during transport.

7.    That on September 1, 2001, a collision occurred between the Genie Lift Z-60's designed and manufactured by Defendant GENIE, which were being transported on a tractor and flatbed trailer owned and maintained by Defendant SYSTEM and operated by their agent, servant and/or employee Defendant MAINE, and the person and vehicle of the Plaintiff ALLEN J. PIERCE.

8.    That as a direct and proximate result of one or more of the aforesaid acts or omissions on the part of Defendant GENIE, the Plaintiff ALLEN J. PIERCE was injured, suffered emotional distress, incurred numerous hospital and medical bills and related expenses; has lost earnings; has suffered and will suffer in the future for physical pain and mental suffering; has been and will be disabled and disfigured as a result of the amputation of his left leg.

18

WHEREFORE, Plaintiff ALLEN J. PIERCE prays for judgment against Defendant GENIE INDUSTRIES, INC. in a sum in excess of THIRTY THOUSAND DOLLARS ($30,000.00), together with his costs in bringing this action.

## COUNT XI - STRICT LIABILITY

### MARY PIERCE v. GENIE INDUSTRIES, INC.

NOW COMES the Plaintiff, MARY PIERCE, by and through her attorneys, BURNES & LIBMAN and complaining of the Defendant GENIE INDUSTRIES, INC. (hereinafter referred to as "GENIE"), alleges and states as follows:

1.  The Plaintiff repeats, realleges and incorporates by reference the factual averments asserted in paragraphs 1 through 7 of Count X, as if fully set forth herein. In further support thereof, the Plaintiff additionally states:

8.  That on or about September 1, 2001, Plaintiff MARY PIERCE was standing on the southbound shoulder of I-65 at or near the 265 mile post in Hobart, Indiana assisting in the process of changing a tire when the collision occurred.

9.  That as a direct and proximate result of one or more of the aforesaid acts or omissions on the part of Defendant GENIE, the Plaintiff MARY PIERCE was injured, suffered emotional distress, incurred numerous hospital and medical bills and related expenses; has lost earnings; has suffered and will suffer in the future for physical pain and mental suffering; has been and will be disabled and disfigured.

19

Nov-08-01 04:50pm From-SCOPELITIS GARVIN LIGHT HANSON 3176876623 T-404 P:24/39 F-445

WHEREFORE, Plaintiff MARY PIERCE prays for judgment against Defendant GENIE INDUSTRIES, INC. in a sum in excess of THIRTY THOUSAND DOLLARS ($30,000.00), together with her costs in bringing this action.

## COUNT XII - STRICT LIABILITY/WRONGFUL DEATH
## ADMINISTRATOR ALLEN J. PIERCE v. GENIE INDUSTRIES, INC.

NOW COMES the Plaintiff, ALLEN J. PIERCE, Individually and as Administrator of the Estate of ALLEN M. PIERCE, a minor, deceased, by and through his attorneys, BURNES & LIBMAN and complaining of the Defendant GENIE INDUSTRIES, INC. (hereinafter referred to as "GENIE"), alleges and states as follows:

I. The Plaintiff repeats, realleges and incorporates by reference the factual averments asserted in paragraphs 1 through 7 of Count X, as fully set forth herein. In further support thereof, the Plaintiff additionally states:

8. That on or about September 1, 2001, decedent, ALLEN M. PIERCE was seated in a vehicle that was parked facing southbound on the shoulder of I-65 at or near the 265 mile post in Hobart, Indiana when the collision occurred.

9. That on or about September 1, 2001, as a direct and proximate result of one or more of the aforesaid acts or omissions on the part of Defendant GENIE, ALLEN M. PIERCE, a minor, died.

10. That on September 28, 2001, ALLEN J. PIERCE was appointed

20

Administrator of the Estate of ALLEN M. PIERCE, in the Circuit Court of Cook County, Probate Division.

11.     That decedent, ALLEN M. PIERCE, left surviving him ALLEN J. PIERCE, his father, and MARY PIERCE, his mother.

12.     That ALLEN J. PIERCE and MARY PIERCE have been deprived of the services, society, companionship, love and affection of decedent, ALLEN M. PIERCE.

13.     That ALLEN J. PIERCE has incurred the funeral bills and other related burial expenses.

WHEREFORE, Plaintiff ALLEN J. PIERCE, Individually and as Administrator of the Estate of ALLEN M. PIERCE, a minor, deceased, prays for judgment against Defendant GENIE INDUSTRIES, INC. in a sum in excess of THIRTY THOUSAND DOLLARS ($30,000.00), together with his costs in bringing this action.

## COUNT XIII - LOSS OF CONSORTIUM

ALLEN J. PIERCE v. GREGORY MAINE and SYSTEM TRANSPORT, INC.

NOW COMES the Plaintiff, ALLEN J. PIERCE, by and through his attorneys, BURNES & LIBMAN and complaining of the Defendants, GREGORY MAINE, individually and as agent of SYSTEM TRANSPORT, INC. (hereinafter referred to as "MAINE"), and SYSTEM TRANSPORT, INC. (hereinafter referred to as "SYSTEM") alleges and states as follows:

21

1.   The Plaintiff repeats, realleges and incorporates by reference the factual averments asserted in paragraphs 1 through 8 of Count II as if fully set forth herein. In further support thereof, the Plaintiff additionally states:

2.   That at all times herein, the Plaintiff, ALLEN J. PIERCE, was the lawful husband of MARY PIERCE and dependent upon her for love, security, support and companionship.

3.   That as a direct and proximate result of the acts of the Defendants, the Plaintiff, ALLEN J. PIERCE, was deprived of the love, security, support and companionship of his wife, MARY PIERCE.

WHEREFORE, Plaintiff ALLEN J. PIERCE prays for judgment against Defendants GREGORY MAINE, individually and as agent of SYSTEM TRANSPORT, INC., and SYSTEM TRANSPORT, INC in a sum in excess of THIRTY THOUSAND DOLLARS ($30,000.00), together with his costs in bringing this action.

## COUNT XIV - LOSS OF CONSORTIUM

MARY PIERCE v. GREGORY MAINE and SYSTEM TRANSPORT, INC.

NOW COMES the Plaintiff, MARY PIERCE, by and through her attorneys, BURNES & LIBMAN and complaining of the Defendants, GREGORY MAINE, individually and as agent of SYSTEM TRANSPORT, INC. (hereinafter referred to as "MAINE"), and SYSTEM TRANSPORT, INC. (hereinafter referred to as "SYSTEM")

alleges and states as follows:

1.     The Plaintiff repeats, realleges and incorporates by reference the factual averments asserted in paragraphs 1 through 8 of Count I as if fully set forth herein. In further support thereof, the Plaintiff additionally states:

2.     That at all times herein, the Plaintiff, MARY PIERCE, was the lawful wife of ALLEN J. PIERCE and dependent upon him for love, security, support and companionship;

3.     That as a direct and proximate result of the acts of the Defendants, the Plaintiff, MARY PIERCE, was deprived of the love, security, support and companionship of her husband, ALLEN J. PIERCE.

WHEREFORE, Plaintiff MARY PIERCE prays for judgment against Defendants GREGORY MAINE, individually and as agent of SYSTEM TRANSPORT, INC., and SYSTEM TRANSPORT, INC. in a sum in excess of THIRTY THOUSAND DOLLARS ($30,000.00), together with her costs in bringing this action.

## COUNT XV - LOSS OF CONSORTIUM

ALLEN J. PIERCE v. SYSTEM TRANSPORT, INC.

NOW COMES the Plaintiff, ALLEN J. PIERCE, by and through his attorneys, BURNES & LIBMAN and complaining of the Defendant, SYSTEM TRANSPORT, INC. (hereinafter referred to as "SYSTEM") alleges and states as follows:

23

1.     The Plaintiff repeats, realleges and incorporates by reference the factual averments asserted in paragraphs 1 through 8 of Count V as if fully set forth herein. In further support thereof, the Plaintiff additionally states:

9.     That at all times herein, the Plaintiff, ALLEN J. PIERCE, was the lawful husband of MARY PIERCE and dependent upon her for love, security, support and companionship.

10.    That as a direct and proximate result of the acts of the Defendant, the Plaintiff, ALLEN J. PIERCE, was deprived of the love, security, support and companionship of his wife, MARY PIERCE.

WHEREFORE, Plaintiff ALLEN J. PIERCE prays for judgment against Defendant SYSTEM TRANSPORT, INC. in a sum in excess of THIRTY THOUSAND DOLLARS ($30,000.00), together with his costs in bringing this action.

## COUNT XVI - LOSS OF CONSORTIUM

### MARY PIERCE v. SYSTEM TRANSPORT, INC.

NOW COMES the Plaintiff, MARY PIERCE, by and through her attorneys, BURNES & LIBMAN and complaining of the Defendant, SYSTEM TRANSPORT, INC. (hereinafter referred to as "SYSTEM") alleges and states as follows:

1.     The Plaintiff repeats, realleges and incorporates by reference the factual averments asserted in paragraphs 1 through 8 of Count IV, as if fully set forth herein.

Nov-08-01  04:51pm    From-SCOPELITIS GARVIN LIGHT HANSON        3176876623        T-404   P.29/39   F-445

In further support thereof, the Plaintiff additionally states:

9.    That at all times herein, the Plaintiff, MARY PIERCE, was the lawful wife of ALLEN J. PIERCE and dependent upon him for love, security, support and companionship.

10.    That as a direct and proximate result of the acts of the Defendant, the Plaintiff, MARY PIERCE, was deprived of the love, security, support and companionship of her husband, ALLEN J. PIERCE.

WHEREFORE, Plaintiff MARY PIERCE prays for judgment against Defendant SYSTEM TRANSPORT, INC. in a sum in excess of THIRTY THOUSAND DOLLARS ($30,000.00), together with her costs in bringing this action.

## COUNT XVII - LOSS OF CONSORTIUM

ALLEN J. PIERCE v. GENIE INDUSTRIES, INC.

NOW COMES the Plaintiff, ALLEN J. PIERCE, by and through his attorneys, BURNES & LIBMAN and complaining of the Defendant, GENIE INDUSTRIES, INC. (hereinafter referred to as "GENIE") alleges and states as follows:

1.    The Plaintiff repeats, realleges and incorporates by reference the factual averments asserted in paragraphs 1 through 10 of Count VIII and paragraphs 1 through 9 of Count XI as if fully set forth herein.  In further support thereof, the Plaintiff additionally states:

25

2.      That at all times herein, the Plaintiff, ALLEN J. PIERCE, was the lawful husband of MARY PIERCE and dependent upon her for love, security, support and companionship.

3.      That as a direct and proximate result of the acts of the Defendant, the Plaintiff, ALLEN J. PIERCE, was deprived of the love, security, support and companionship of his wife, MARY PIERCE.

WHEREFORE, Plaintiff ALLEN J. PIERCE prays for judgment against Defendant GENIE INDUSTRIES, INC. in a sum in excess of THIRTY THOUSAND DOLLARS ($30,000.00), together with his costs in bringing this action.

## COUNT XVIII - LOSS OF CONSORTIUM

### MARY PIERCE v. GENIE INDUSTRIES, INC.

NOW COMES the Plaintiff, MARY PIERCE, by and through her attorneys, BURNES & LIBMAN and complaining of the Defendant, GENIE INDUSTRIES, INC. (hereinafter referred to as "GENIE") alleges and states as follows:

1.      The Plaintiff repeats, realleges and incorporates by reference the factual averments asserted in paragraphs 1 through 10 of Count VII and paragraphs 1 through 8 of Count X, as if fully set forth herein. In further support thereof, the Plaintiff additionally states:

2.      That at all times herein, the Plaintiff, MARY PIERCE, was the lawful

wife of ALLEN J. PIERCE and dependent upon him for love, security, support and companionship.

3.     That as a direct and proximate result of the acts of the Defendant, the Plaintiff, MARY PIERCE, was deprived of the love, security, support and companionship of her husband, ALLEN J. PIERCE.

WHEREFORE, Plaintiff MARY PIERCE prays for judgment against Defendant GENIE INDUSTRIES, INC. in a sum in excess of THIRTY THOUSAND DOLLARS ($30,000.00), together with her costs in bringing this action.

## COUNT XIX - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### ALLEN J. PIERCE v. GREGORY MAINE and SYSTEM TRANSPORT, INC.

NOW COMES the Plaintiff, ALLEN J. PIERCE, by and through his attorneys, BURNES & LIBMAN and complaining of the Defendants, GREGORY MAINE, individually and as agent of SYSTEM TRANSPORT, INC. (hereinafter referred to as "MAINE"), and SYSTEM TRANSPORT, INC. (hereinafter referred to as "SYSTEM") alleges and states as follows:

1.     The Plaintiff repeats, realleges and incorporates by reference the factual averments asserted in paragraphs 1 through 9 of Count II and paragraphs 1 through 13 of Count III as if fully set forth herein.  In further support thereof, the Plaintiff additionally states:

27

2.    That ALLEN J. PIERCE was in close proximity to his wife MARY PIERCE, and to the vehicle in which his son, ALLEN M. PIERCE, was seated when the collision occurred and was in the zone of danger. While in the zone of danger, ALLEN J. PIERCE could have been and was in fact injured.

3.    That as result of being in the zone of danger and observing his son, ALLEN M. PIERCE, burning to death in the vehicle and his wife, MARY PIERCE, being injured, Plaintiff suffered great pain and anguish, both in mind and body. Plaintiff further suffered emotional illness, sleeplessness, stomach distress and was extremely agitated and nervous and will continue to suffer.

WHEREFORE, Plaintiff ALLEN J. PIERCE prays for judgment against Defendants GREGORY MAINE, individually and as agent of SYSTEM TRANSPORT, INC. and SYSTEM TRANSPORT, INC. in a sum in excess of THIRTY THOUSAND DOLLARS ($30,000.00), together with his costs in bringing this action.

# COUNT XX : NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

MARY PIERCE v. GREGORY MAINE and SYSTEM TRANSPORT, INC.

NOW COMES the Plaintiff, MARY PIERCE, by and through her attorneys, BURNES & LIBMAN and complaining of the Defendants, GREGORY MAINE, individually and as agent of SYSTEM TRANSPORT, INC. (hereinafter referred to as "MAINE"), and SYSTEM TRANSPORT, INC. (hereinafter referred to as "SYSTEM")

Nov-08-01 04:52pm From-SCOPELITIS GARVIN LIGHT HANSON 3176876623 T-404 P.33/39 F-445

alleges and states as follows:

1.    The Plaintiff repeats, realleges and incorporates by reference the factual averments asserted in paragraphs 1 through 8 of Count I and paragraphs 1 through 13 of Count III as if fully set forth herein. In further support thereof, the Plaintiff additionally states:

2.    That MARY PIERCE was in close proximity to her husband ALLEN J. PIERCE, and to the vehicle in which her son, ALLEN M. PIERCE, was seated when the collision occurred and was in the zone of danger. While in the zone of danger, MARY PIERCE could have been and was in fact injured.

3.    That as result of being in the zone of danger and observing her son, ALLEN M. PIERCE, burning to death in the vehicle and her husband, ALLEN J. PIERCE, being injured, Plaintiff suffered great pain and anguish, both in mind and body. Plaintiff further suffered emotional illness, sleeplessness, stomach distress and was extremely agitated and nervous and will continue to suffer.

WHEREFORE, Plaintiff MARY PIERCE prays for judgment against Defendants GREGORY MAINE, individually and as agent of SYSTEM TRANSPORT, INC., SYSTEM TRANSPORT, INC. in a sum in excess of THIRTY THOUSAND DOLLARS ($30,000.00), together with her costs in bringing this action.

29

## COUNT XXI - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### ALLEN J. PIERCE v. SYSTEM TRANSPORT, INC.

NOW COMES the Plaintiff, ALLEN J. PIERCE, by and through his attorneys, BURNES & LIBMAN and complaining of the Defendant, SYSTEM TRANSPORT, INC. (hereinafter referred to as "SYSTEM") alleges and states as follows:

1. The Plaintiff repeats, realleges and incorporates by reference the factual averments asserted in paragraphs 1 through 9 of Count V and paragraphs 1 through 13 of Count VI as if fully set forth herein. In further support thereof, the Plaintiff additionally states:

2. That ALLEN J. PIERCE was in close proximity to his wife MARY PIERCE, and to the vehicle in which his son, ALLEN M. PIERCE, was seated when the collision occurred and was in the zone of danger. While in the zone of danger, ALLEN J. PIERCE could have been and was in fact injured.

3. That as result of being in the zone of danger and observing his son, ALLEN M. PIERCE, burning to death in the vehicle and his wife, MARY PIERCE, being injured, Plaintiff suffered great pain and anguish, both in mind and body. Plaintiff further suffered emotional illness, sleeplessness, stomach distress and was extremely agitated and nervous and will continue to suffer.

WHEREFORE, Plaintiff ALLEN J. PIERCE prays for judgment against Defendant SYSTEM TRANSPORT, INC. in a sum in excess of THIRTY THOUSAND DOLLARS

($30,000.00), together with his costs in bringing this action.

## COUNT XXII - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## MARY PIERCE v. SYSTEM TRANSPORT, INC.

NOW COMES the Plaintiff, MARY PIERCE, by and through her attorneys, BURNES & LIBMAN and complaining of the Defendant, SYSTEM TRANSPORT, INC. (hereinafter referred to as "SYSTEM") alleges and states as follows:

1.      The Plaintiff repeats, realleges and incorporates by reference the factual averments asserted in paragraphs 1 through 8 of Count IV and paragraphs 1 through 13 of Count VI as if fully set forth herein.  In further support thereof, the Plaintiff additionally states:

2.      That MARY PIERCE was in close proximity to her husband ALLEN J. PIERCE, and to the vehicle in which her son, ALLEN M. PIERCE, was seated when the collision occurred and was in the zone of danger. While in the zone of danger, MARY PIERCE could have been and was in fact injured.

3.      That as result of being in the zone of danger and observing her son, ALLEN M. PIERCE, burning to death in the vehicle and her husband, ALLEN J. PIERCE, being injured, Plaintiff suffered great pain and anguish, both in mind and body. Plaintiff further suffered emotional illness, sleeplessness, stomach distress and was extremely agitated and nervous and will continue to suffer.

31

WHEREFORE, Plaintiff MARY PIERCE prays for judgment against Defendant, SYSTEM TRANSPORT, INC. in a sum in excess of THIRTY THOUSAND DOLLARS ($30,000.00), together with her costs in bringing this action.

## COUNT XXIII - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### ALLEN J. PIERCE v. GENIE INDUSTRIES, INC.

NOW COMES the Plaintiff, ALLEN J. PIERCE, by and through his attorneys, BURNES & LIBMAN and complaining of the Defendant, GENIE INDUSTRIES, INC. (hereinafter referred to as "GENIE") alleges and states as follows:

1.    The Plaintiff repeats, realleges and incorporates by reference the factual averments asserted in paragraphs 1 though 11 of Count VIII, paragraphs 1 through 15 of Count IX, paragraphs 1 through 9 of Count XI and paragraphs 1 through 13 of Count XII, as if fully set forth herein. In further support thereof, the Plaintiff additionally states:

2.    That ALLEN J. PIERCE was in close proximity to his wife MARY PIERCE, and to the vehicle in which his son, ALLEN M. PIERCE, was seated when the collision occurred and was in the zone of danger. While in the zone of danger, ALLEN J. PIERCE could have been and was in fact injured.

3.    That as result of being in the zone of danger and observing his son, ALLEN M. PIERCE, burning to death in the vehicle and his wife, MARY PIERCE, being injured,

32

Plaintiff suffered great pain and anguish, both in mind and body. Plaintiff further suffered emotional illness, sleeplessness, stomach distress and was extremely agitated and nervous and will continue to suffer.

WHEREFORE, Plaintiff ALLEN J. PIERCE prays for judgment against Defendant GENIE INDUSTRIES, INC. in a sum in excess of THIRTY THOUSAND DOLLARS ($30,000.00), together with his costs in bringing this action.

## COUNT XXIV - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## MARY PIERCE v. GENIE INDUSTRIES, INC.

NOW COMES the Plaintiff, MARY PIERCE, by and through her attorneys, BURNES & LIBMAN and complaining of the Defendant, GENIE INDUSTRIES, INC. (hereinafter referred to as "GENIE") alleges and states as follows:

1.      The Plaintiff repeats, realleges and incorporates by reference the factual averments asserted in paragraphs 1 through 10 of Count VII, paragraphs 1 through 15 of Count IX, paragraphs 1 through 8 of Count X and paragraphs 1 through 13 of Count XII as if fully set forth herein. In further support thereof, the Plaintiff additionally states:

2.      That MARY PIERCE was in close proximity to her husband ALLEN J. PIERCE, and to the vehicle in which her son, ALLEN M. PIERCE, was seated when the collision occurred and was in the zone of danger. While in the zone of danger, MARY

33

PIERCE could have been and was in fact injured.

3.      That as result of being in the zone of danger and observing her son,

ALLEN M. PIERCE, burning to death in the vehicle and her husband, ALLEN J.

PIERCE, being injured, Plaintiff suffered great pain and anguish, both in mind and body.

Plaintiff further suffered emotional illness, sleeplessness, stomach distress and was

extremely agitated and nervous and will continue to suffer.

WHEREFORE, Plaintiff MARY PIERCE prays for judgment against Defendant

GENIE INDUSTRIES, INC. in a sum in excess of THIRTY THOUSAND DOLLARS

($30,000.00), together with her costs in bringing this action.

By: _____

BURNES & LIBMAN

Stephen M. Libman
Scott Norris
BURNES & LIBMAN
2 N. LaSalle Street
Suite 600
Chicago, IL 60602
312/726-6500
Attorney No.35841

34

Nov-08-01  04:45pm  From-SCOPELITIS GARVIN LIGHT HANSON     3176876623          T-404   P.04/39   F-445

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ALLEN J. PIERCE and MARY PIERCE, )
Individually and ALLEN J. PIERCE, as )
administrator of the Estate of ALLEN M. PIERCE, )
)
      Plaintiffs, )
)
vs. )
)
GREGORY MAINE, individually and as agent of )
SYSTEM TRANSPORT, INC., a Washington )
Corporation; and SYSTEM TRANSPORT, INC., )
a Washington Corporation, and GENIE )
INDUSTRIES, INC., a Washington Corporation, )
)
      Defendants. )

001 014012
CALENDAR B
P.I. MOTOR VEH.

**PLEASE SERVE DEFENDANT:**
SYSTEM TRANSPORT, INC.
Registered Agent:
James C. Williams
S 7405 Hayford Rd.
Cheney, WA 99004

## SUMMONS

To each defendant:

    **YOU ARE SUMMONED** and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room 801 Chicago, Illinois 60602), within 30 days after service of this summons, not counting the date of service. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.**

To the officer:

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS.............................. NOV 0 2 2001 .......................

.............................................
                  Clerk of the Court

Date of service:............................., 2001
    (To be inserted by officer on copy left with defendant or other person)

BURNES & LIBMAN
2 North LaSalle, Suite 600
Chicago, IL 60602
(312) 726-6500
Atty. No. 35841

RECEIVED
NOV 0 2 2001
SHERIFFS OFFICE
SPOKANE CO. WA.

DOROTHY BROWN, CLERK OF THE COURT OF COOK COUNTY, ILLINOIS

Nov=08-01 04:53pm From-SCOPELITIS GARVIN LIGHT HANSON        3176876623        T-404   P.39/39   F-445

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ALLEN J. PIERCE and MARY PIERCE,                    )
Individually and ALLEN J. PIERCE, as                )
administrator of the Estate of ALLEN M. PIERCE,     )
                                                    )
        Plaintiffs,                                 )
vs.                                                 )
                                                    )
GREGORY MAINE, individually and as agent of         )
SYSTEM TRANSPORT, INC., a Washington                )
Corporation; and SYSTEM TRANSPORT, INC.,            )
a Washington Corporation, and GENIE                 )
INDUSTRIES, INC., a Washington Corporation,         )
                                                    )
        Defendants.                                 )

## AFFIDAVIT OF DAMAGES SOUGHT

Pursuant to Illinois Supreme Court Rule 222(b), the undersigned attorney for the

Plaintiff(s) states that the total of money damages sought per Plaintiff in this civil action

does exceed FIFTY THOUSAND DOLLARS ($50,000.00),

_____
Attorney for Plaintiff


Stephen M Libman
Scott Norris
**BURNES & LIBMAN**
2 North LaSalle Street - Suite 600
Chicago, IL 60602
312-726-6500
Atty No.: 35841


EXHIBIT
B

## CERTIFICATE OF SERVICE

I, William D. Brejcha, hereby certify that I caused to be served on all parties of record, at their respective addresses, the foregoing pleading by depositing the same in the United States Mail, via first class postage prepaid, this 30th day of November, 2001.

William D. Brejcha

William D. Brejcha
Scopelitis, Garvin, Light & Hanson
120 South LaSalle Street - Suite 1700
Chicago, IL 60603
(312) 422-1200
Firm I.D.: 35986

Michael B. Langford
Scopelitis, Garvin, Light & Hanson
10 West Market Street - Suite 1500
Indianapolis, IN 46204-2968
317-637-1777