# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9205 | **DATE** | 4/23/2002 |
| **CASE TITLE** | Allen J. Pierce, et al vs. System Transport, Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: System Transport, Inc's Motion to Transfer Venue and Motion for Leave to Repair Equipment and to Dispose of Other Material are denied. System's Motion for Declaration of Controlling Law is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 2 4 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 25 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | APR 2 4 2002 date mailed notice | |
| WAP | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALLEN J. PIERCE and MARY
PIERCE, Individually, and
ALLEN J. PIERCE, as
Administrator of the ESTATE OF
ALLEN M. PIERCE,

    Plaintiffs,

v.

SYSTEM TRANSPORT, INC., a
Washington Corporation and
GENIE INDUSTRIES, INC., a
Washington Corporation,

    Defendants.

FILED
APR 23 2002
Judge Harry D. Leinenweber
U.S. District Court

Case No. 01 C 9205

Hon. Harry D. Leinenweber

DOCKETED
APR 24 2002

## MEMORANDUM OPINION AND ORDER

Before the Court are System Transport, Inc.'s ("System") Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), Motion for a Declaration of Controlling Law, and Motion for Leave to Repair Equipment and to Dispose of Other Material.

## BACKGROUND

This diversity action arises from an auto accident that occurred on September 1, 2001. On that day, System was transporting two lifts manufactured by Defendant Genie Industries, Inc. ("Genie") via a tractor and flatbed trailer traveling southbound on I-65. While traveling in their family car on I-65, Plaintiffs sustained a flat tire outside Hobart, Indiana. Mr. Pierce pulled over to the shoulder and began fixing the flat with Mrs. Pierce's assistance. Their son Allen remained in the car.

25

While Mr. Pierce was fixing the flat tire, the System truck and trailer apparently went out of control, hitting the Pierce family car, which burst into flames. Mr. Pierce lost a leg as a result of this accident and the couple's son, Allen M. Pierce was trapped inside the car and was killed.

Plaintiffs initially filed in the Circuit Court of Cook County. The case was removed to the District Court for the Northern District of Illinois on November 30, 2001. The complaint sought damages based on theories of negligence, wrongful death, strict liability, loss of consortium, and negligent infliction of emotional distress as a result of the collision. System has now filed a Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), Motion for a Declaration of Controlling Law, and Motion for Leave to Repair Equipment and to Dispose of Other Material.

## MOTION TO TRANSFER VENUE

### Standard

Under 28 U.S.C. § 1404(a), a court may transfer a case if the moving party shows that: (1) venue was proper in the transferor district; (2) venue and jurisdiction would be proper in the transferee district; and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice. Since neither party disputes that the first two elements have been satisfied, the Court's analysis will focus

on whether the Northern District of Illinois or the Northern District of Indiana will best serve the convenience of the parties and witnesses, and the interests of justice.

The analysis of the third prong of 28 U.S.C. § 1404(a) is a case-by-case consideration, weighing fairness and convenience as it applies to both parties and the interests of justice. *United Airlines, Inc. v. Mesa Airlines, Inc.*, 8 F.Supp.2d 796, 798 (N.D. Ill. 1998). Private interests include: (1) plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; and (4) convenience to the witnesses and parties. Public interests include the court's familiarity with applicable law. *Id.* Simply because transfer of venue is possible does not mean that it is warranted; a plaintiff's choice of forum is generally given great deference and a movant must demonstrate that the transfer is "clearly more convenient" for the parties. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-29 (7th Cir. 1986).

## DISCUSSION

### *Travel Distances*

System seems at some points to concede that transferring venue to the Northern District of Indiana is no more or less convenient for the parties. Its argument that the 23-mile difference in distance between the two courthouses requires transfer to Hammond

is unconvincing.  The Plaintiff Allen J. Pierce is still adjusting to the use of his prosthetic, a condition arising from the accident the case at bar involves.  Requiring Mr. Pierce to travel any farther than is necessary is clearly less convenient for him. System's arguments about relative distance from airports and traffic congestion are similarly unconvincing.  Regardless of whether System's witnesses fly into Chicago via the airports at O'Hare or Midway, there are ample means of transportation from both metropolitan airports to the Dirksen Federal Building which are arguably more convenient than driving from either airport to Hammond, Indiana.  While the actual travel time from Merrillville, Indiana to Chicago, Illinois might be longer during the morning rush hour, the increase in travel time does not significantly burden the Defendants or the material witnesses so as to make transfer of venue clearly more convenient for the parties.

### *Situs of the Events and Plaintiff's Choice of Forum*

System argues that the Plaintiffs' choice of forum does not bear much significance to the case at bar, relying heavily on *Bousis v. Marriott International, Inc.*, 47 F.Supp.2d 1004 (N.D. Ill. 1999).  System contends that since the situs of events was in Indiana, this Court should transfer venue to the Northern District of Indiana.  However, *Bousis* is not analogous to the case at bar. In *Bousis*, the situs of events was in San Francisco, California and

the plaintiff's chosen forum was the Northern District of Illinois. Clearly, when the distance between the situs of events and the plaintiff's choice of forum involves cross-country travel for material witnesses, the plaintiff's choice of forum should receive little deference. However, the distance between the two forums is negligible, and the holding in *Bousis* does not apply to the present facts.

### *Subpoena Power*

System also argues that transferring venue to Hammond would better secure the presence of material witnesses at trial. It argues that since most of the material witnesses to the accident reside in Indiana, the subpoena power of the Northern District of Indiana would be more effective in compelling the appearance of these witnesses. However, the witnesses are largely law enforcement officers, who will no doubt travel to Chicago to testify. Additionally, as System acknowledges in a footnote, Plaintiffs could file a motion to extend the reach of this Court in order to compel appearance by those witnesses. As Plaintiffs note in their response, the only two witnesses unreachable in this manner are beyond the subpoena power of both courts. To this extent, either court can assure the appearance of the non-party witnesses from Indiana, vitiating the issue of convenience for those witnesses.

### *Public Interest*

System also argues that Indiana has a greater public interest in seeing this case tried in Hammond. However, System bases its argument on the fact that its affirmative defense places blame on the State of Indiana and the Indiana Department of Transportation for failing to maintain safe highways. The argument that the citizens of Indiana have an interest in having the case tried in their state because the state itself is named as a negligent non-party in System's affirmative defense, while not insignificant, is insufficient to overcome the other factors weighing in favor of keeping venue in the Northern District of Illinois. Even if the defense succeeds, the State of Indiana and the Indiana Department of Transportation are not parties to this case and will not be financially liable for the Plaintiffs' injuries. This Court is frequently asked to interpret and apply Indiana law and is sure that it can do so competently in this case.

### *Docket Congestion*

Finally, System looks toward the relative congestion of the dockets of both courts. However, while the Northern District of Indiana may bring cases to trial slightly faster than this District, the Northern District of Illinois brings cases from filing to disposition faster than the Northern District of Indiana. The difference is negligible, and does not demonstrate that the

Northern District of Indiana is clearly more convenient than this Court. The Northern District of Illinois is more than capable of providing swift, efficient justice, as the marginal difference between the two courts' dockets demonstrates. For the above reasons, System's Motion to Transfer Venue is denied.

**MOTION FOR DECLARATION OF CONTROLLING LAW**

System contends that Indiana law should control in this case and Plaintiffs have not contested this. A court hearing a case that arises from diversity jurisdiction applies the choice of law rules of the state where it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941); *Echo, Inc. v. Whitson Co., Inc.*, 52 F.3d 702, 707 (7th Cir. 1995). The State of Illinois follows the Restatement(Second)of Conflict of Laws (1971) when determining which state's law controls in a particular action. *Morris B. Chapman & Associates, Ltd. v. Kitzman*, 739 N.E.2d 1263, 1269 (Ill. 2000). In tort actions, Illinois courts employ the "most significant relationship" test to determine which State's law applies under the Restatement. *Firkin v. U.S. Polychemical Corp.*, 835 F.Supp. 1048, 1050 (N.D. Ill. 1993). The most significant relationship test "seeks to find which state bears the most significant relationship to the occurrence and the parties involved in the action." *Miller v. Long Airdox Co.*, 914 F.2d 976, 978 (7th Cir. 1990). There is a presumption that the law of the state in

which the injury occurred will govern unless another state has a more significant relationship to the occurrence or to the parties. *Id.*

In the case at bar, the Court finds that for purposes of determining controlling law, Indiana is clearly the state with the most significant relationship to the events in question. Since both parties appear to agree that Indiana law should control, and since the situs of the events was in Indiana, System's Motion for Declaration of Controlling Law is granted.

### MOTION FOR LEAVE TO REPAIR EQUIPMENT AND TO DISPOSE OF OTHER MATERIAL

Finally, System moves for leave to repair the tractor and trailer involved in the accident. System also moves for leave to sell the two Genie lifts as salvage. The Court understands the financial burden placed on System by having the tractor and trailer out of commission for such a long period of time. However, there are several considerations which mitigate against modifying the protective order at this time. Discovery is still ongoing in this case and the parties have not yet disclosed the opinions of their accident reconstruction experts. The Plaintiffs have not yet identified their theories of liability against Genie. Additionally, the final accident reconstruction report from the Indiana State Police has not yet been issued. That report will be

essential to helping the parties understand the dynamics of the accident and may cause the parties to reexamine the physical evidence. System's current motion is premature while discovery is still underway. System is, however, free to refile its motion when discovery in this case is closed.

### CONCLUSION

For the reasons stated above, System's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) and Motion for Leave to Repair Equipment and to Dispose of Other Material are denied. System's Motion for Declaration of Controlling Law is granted.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: April 23, 2002