# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9205 | **DATE** | 11/2/2004 |
| **CASE TITLE** | Allen J. Pierce, et al vs. System Transport, Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiffs' Motion for leave to file Second Amended Complaint is DENIED with respect to adding a survival count and claims for joint and several liability, but GRANTED with respect to adding claims for punitive damages.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | NOV 0 3 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 93 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
NOV 2 2004
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

ALLEN J. PIERCE, et al.,

    Plaintiffs,

v.

SYSTEM TRANSPORT, INC., et al.,

    Defendants.

Case No. 01 C 9205

Hon. Harry D. Leinenweber

NOV 0 3 2004

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint. For the following reasons, Plaintiffs' Motion is granted in part and denied in part.

## I. BACKGROUND

The circumstances of this case are tragic. On September 1, 2001, Plaintiffs were traveling through Indiana en route to a family reunion. While driving on Interstate 65 in Hobart, Indiana, Plaintiffs' car had a flat tire and they pulled onto the shoulder of the interstate, just past a construction zone. Unfortunately, for Plaintiffs, Defendant System Transport, Inc. ("System") was transporting two large lifts manufactured by Defendant Genie Industries, Inc. ("Genie") on a tractor and flatbed trailer traveling in the same direction on Interstate 65. Shortly after entering a curve in the construction zone, the lifts apparently shifted on the bed of the trailer, causing the tractor-trailer to lose control. As the trailer tilted onto the roadway, the two

lifts came loose and one struck Plaintiffs' car. As a result of the collision, Plaintiff Allen J. Pierce suffered serious injuries, including the loss of his leg, and his infant son was killed in the ensuing fire in the back of the car.

Plaintiffs allege that the lifts were negligently loaded in Washington State prior to interstate transport. Plaintiffs also allege that the driver of the truck was negligent in his operation of the tractor-trailer. Defendants contend that the construction zone work rendered the interstate unreasonably unsafe.

Plaintiffs now seek to amend their Complaint in several ways. Plaintiffs seek to add a survival claim on behalf of Allen M. Pierce, claims for punitive damages, and a request that Defendants be held jointly and severally liable.

## II. DISCUSSION

### A. The Court's Prior Ruling That Indiana Law Controls

The initial hurdle facing Plaintiffs' requested amendment is this Court's prior ruling on April 23, 2002, which held that Indiana law controls in this case. *See Pierce v. System Transport, Inc.*, 2002 WL 731136 (N.D. Ill. 2002). The pertinent portion of this ruling was based on System's Motion for Declaration of Controlling Law. In its motion, System contended that Indiana law should control. In their response brief, Plaintiffs stated:

> Plaintiffs do not quarrel the partial conclusion reached by with [sic] System Transportation in its choice of law analysis, but only insofar as the Negligence Counts are concerned. Plaintiffs do not dispute that Indiana law

> will likely govern the negligence claims. However, this is only a portion of the claims. In the first instance, System Transport ignores the Counts in Plaintiff's Complaint that raise claims under substantial federal law and product liability law. The products claims may be governed by Washington State law. More discovery must be provided to accurately *[sic]* answer this question.

Pls. Resp. Mem. at 14.

In its April 23, 2002 ruling, the Court specifically noted that Plaintiffs had not contested that Indiana law should control, at least with regard to the negligence counts. *See Pierce*, 2002 WL 731136 at *7-8. Although noting Plaintiffs' apparent concession, the Court nonetheless engaged in a brief choice of law analysis, and determined that "Indiana is clearly the state with the most significant relationship to the events in question." *See id.* at *8. The Court's holding, however, depended in part on Plaintiff's apparent stipulation that Indiana law would control: "[s]ince both parties appear to agree that Indiana law should control, and since the situs of the events was in Indiana, System's Motion for Declaration of Controlling law is granted." *Id.* Plaintiffs did not file a motion for reconsideration of this ruling.

### B. The Law of the Case Doctrine Bars the Survival Count and the Claims for Joint and Several Liability

Under the law of the case doctrine, a ruling made in an earlier phase of a case controls throughout the proceedings. *See Tice v. American Airlines, Inc.*, 373 F.3d 851, 853-54 (7th Cir. 2004). This doctrine is a rule of practice that encourages efficiency, consistency, and finality of legal decisions made

during the life of case.  The law of the case doctrine, however, is not an absolute limit on a court's power:  a court retains the discretion to revise an earlier ruling of law, but generally should only do so when there are changed circumstances in law or fact that render application of an earlier ruling manifestly unjust or clearly wrong.  *See id.; see also, Avitia v. Metropolitan Club of Chicago*, 49 F.3d 1219, 1227-28 (7th Cir. 1995); *Payne v. Churchich*, 161 F.3d 1030, 1037, n.8 (7th Cir. 1998).

The difficulty Plaintiffs face here is that Indiana law effectively nullifies their requested amendments.  Specifically, Indiana does not allow concurrent survival and wrongful death claims, and is a several liability state.  (Indiana also has certain statutory limits on punitive damages, but Plaintiffs are apparently seeking to add claims within the purview of Indiana law.)

Plaintiffs, of course, argue – as they must – that this Court's prior ruling on choice of law is not subject to the law of the case doctrine because intervening facts allow for an exception.  Plaintiffs initially note that the briefing was completed on System's Motion for a Declaration of Law before discovery commenced.  Plaintiffs also note that although they did not take issue with the "initial application of Indiana law at that point in the proceedings," they subsequently learned in discovery certain pertinent facts that mitigate against a "rote application of

Indiana law to all issues in this case." Pls. Mem. at 2-3. Specifically, Plaintiffs point to certain facts that were "previously unavailable," and now require reconsideration of the prior ruling. These "new" facts include: (1) Defendants' principal places of business are either Washington or Oregon; (2) the major decisions in how to transport the lifts were made in Washington; (3) the lifts were negligently loaded in Washington; (4) Market Transport, an Oregon company, played a role in the arrangement for transporting the lifts; and (5) Allen M. Pierce, the infant in the back seat, may have survived for some period of time after the initial collision. *See id.* at 4-5. According to Plaintiffs, these facts demonstrate that Washington law should apply on the issue of joint and several liability, Indiana law on the issue of negligence and punitive damages, and Illinois law on the issue of the survival claim and compensatory damages.

Defendants initially argue – with substantial persuasive force – that Plaintiffs knew, or should have known, virtually all of these facts at the time (or shortly thereafter) of System's Motion for a Declaration of Law. This is significant because parties cannot evade the law of the case doctrine by relying on "new" facts that were available at the time of the initial ruling. *See Intergraph Corp. v Intel Corp.*, 253 F.3d 695, 697-99 (Fed. Cir. 2001). For instance, Defendants attach a witness statement taken shortly after the September 2001 accident that indicates that the

infant decedent may have still been alive for some period during the fire. In addition, Defendants claim that their Rule 26(A)(1) disclosures contained contracts that unambiguously showed the business locations of the Defendants, as well as the load specifications. For the most part, Plaintiffs ignore and fail to rebut these allegations.

In any event, the purported new facts that Plaintiffs present simply do not create the "extraordinary circumstances" necessary to warrant a departure from the law of the case doctrine. *Cf. Christianson v. Colt Indus. Operating* Corp., 486 U.S. 800, 816 (1988); *see also Tice*, 373 F.3d at 854. That is, the new facts marshaled by Plaintiffs do not indicate that the Court's prior ruling was plainly wrong or otherwise suggest that adherence to such a ruling would result in a manifest injustice. *See Christianson*, 486 U.S. at 816; *see also Vidimos, Inc. v. Wysong Laser Co.*, 179 F.3d 1063, 1066 (7th Cir. 2000). Instead, these additional facts merely provide further ammunition for an argument as to why Washington or Illinois law should apply to certain issues of liability or recovery. For instance, the fact that the decision-making and loading occurred in Washington between Washington companies provides a toehold for the argument that Washington joint and several liability should apply here. But this is not the type of intervening fact that plainly indicates that Indiana law does not apply. The opposing argument that the site of

the injury determines the controlling law – which remains a general presumption in Illinois choice of law jurisprudence – is still a valid counterpoint for why Indiana law applies here. *See Miller v. Long Airdox Co.*, 914 F.2d 976, 978 (7th Cir. 1990). Simply put, at this procedural stage of the litigation, Plaintiffs have to show much more than the fact that additional discovery has bolstered an argument that they did not fully articulate before: Plaintiffs must show that these new facts unequivocally demonstrate something fundamentally wrong or unfair with the Court's prior ruling. *See Christianson*, 486 U.S. at 816. They have not done this.

Plaintiffs, however, now argue that, two-and-a-half years ago in their response to System's Motion for a Declaration of Law, they "reserved the right to contest choice of law on certain issues." Pls. Reply Br. at 10. A fair reading of the passage cited, however, indicates only that Plaintiffs attempted to reserve the right to argue that Washington law potentially applied to certain product liability claims, but did not argue that Indiana law applied to the negligence claims. In any event, the Court at that time did not find that Plaintiffs reserved any rights and held that Plaintiffs had stipulated to Indiana law on the negligence counts. Thus, the ship sailed on this argument several years ago: if Plaintiffs believed that the Court erred in its reading of their position, they should have raised this for reconsideration at some point shortly after the opinion was issued. Plaintiffs cannot seek

refuge under the law of the case doctrine for this particular argument because there are no new intervening facts that can change what Plaintiffs submitted in their brief.

The Court, of course, has discretion here: the law of the case doctrine is certainly not an iron-clad jurisdictional rule. But nonetheless the circumstances of this case do not indicate that the Court should exercise its discretion and ignore the general prudential rule that prior decisions of law remain constant throughout a case. This is not a case where there has been a significant intervening change in the legal or factual landscape that warrants abandonment of a previous decision. For instance, the fact that an interstate trucking company would make business decisions of how to load its cargo in a state other than Indiana cannot have been an unexpected or unforeseeable fact at the time of the prior ruling.

Moreover, the passage of time here – two and a half years – is substantial and represents inexcusable delay. *See Vidimos,* 179 F.3d at 1066. In addition, allowing joint and several liability here could substantially prejudice Defendants, who have been defending this case expecting to be under a several liability regime. The Defendants are somewhat cryptic about how their legal strategy might have been different under a joint and several liability, and Plaintiffs rightly points out that Defendants have an interest in lowering their proportional share of fault under any

regime. It does not take much imagination, however, to recognize that Defendants' willingness to cooperate and collaborate in defense strategies may vary in relation to how much of a co-defendant's bill a particular defendant may be on the hook for.

As a final note, Plaintiffs also argue that the Court should have applied a *depecage* analysis in its prior ruling (and certainly should apply it in any reconsideration). See Pls. Mem. at 2. According to Plaintiffs, a *depecage* analysis would result in Illinois law applying to the survival counts and compensatory damages in general because Illinois purportedly "has the strongest interests in seeing that its injured citizens are compensated." Indiana law should apply to punitive damages, however, because Indiana purportedly has "the strongest interest in deterring misconduct within its borders." Finally, Washington law should apply to joint and several liability because Washington has the strongest interest in regulating the apportionment of liability among its citizens. Assuming *arguendo* that the Court previously failed to apply such an analysis, this attack squarely falls under the purview of a motion for reconsideration, which should be timely filed after the entry of order or judgment that is being attacked. See, e.g., Fed. R. Civ. Proc. 60. Again, Plaintiffs did not attack this Court's analysis during the course of nearly two and a half years, and thus cannot now argue that a different legal tact was warranted.

The Court is sympathetic that Indiana law may not be as favorable in some aspects to Plaintiffs as Illinois or Washington law. That said, Indiana law certainly provides an adequate potential remedy for Plaintiffs. Accordingly, the best course here is to maintain consistency in this Court's rulings and adhere to the law of the case doctrine.

### C. Plaintiffs' Claims for Punitive Damages are Timely and are not Barred by the Law of the Case Doctrine

Defendants argue strenuously that Plaintiffs' Motion is untimely. They argue that this motion comes after the close of fact discovery, and after years during which they defended the case under the well-founded assumption that Indiana law controlled the case. Thus, to allow an eleventh-hour change of law would severely prejudice Defendants.

Nothing in this three-year-old case has been timely, however. Discovery deadlines have been repeatedly extended, and Defendants have not been faultless in that regard. Expert discovery is not complete. And there is no trial date set. Although Defendants' argument on timeliness and prejudice may have some traction on the issue of joint and several liability because, as noted above, that could have changed defense strategy, allowing claims for punitive damages does not have the same prejudicial impact: all Defendants have a unitary interest in showing that their behavior was not wanton or willful. Accordingly, given the lenient pleading

requirements of Rule 15, it cannot be said that Plaintiffs' Motion is untimely.

Nor does this Court's prior ruling nullify Plaintiffs' request for punitive damage. Although Indiana law may have certain statutory limits, and may even forbid punitive damages on a wrongful death count, it does not wholesale forbid such damages. As a result, the best course here is to allow Plaintiffs to amend their complaint on the issue of punitive damages, and then determine the exact contour of permissible damages at, or at least closer to, trial.

### III. CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion for Leave to File Second Amended Complaint is **DENIED** with respect to adding a survival count and claims for joint and several liability, but **GRANTED** with respect to adding claims for punitive damages.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: November 2 2004